UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DWAYNE THOMAS ANDERSON                                                    PETITIONER

v.                                                            CIVIL ACTION NO. 3:12CV-P292-S

UNITED STATES OF AMERICA                                                  RESPONDENT

MEMORANDUM OPINION

Petitioner Dwayne Thomas Anderson initiated this action by filing a *pro se* motion for mandamus relief "based on Rule 21." For the reasons that follow, the motion will be denied.

I.

Anderson reports that on or about December 21, 2011, he filed a *pro se* motion for a short and speedy trial in the Jefferson Circuit Court.[1] He states that the motion contained two state-court case numbers (93CR-001932 and 94F-0008000) but that the Jefferson Circuit Court reviewed the record only in 93CR-001932 and concluded that "Indictment 93CR-1932 is fully adjudicated with no motions pending before the Court." In the attached copy of the order entered by the Jefferson Circuit Court on March 22, 2012, the court denied the motion for a short and speedy trial, finding that it had no jurisdiction to take any further action in that indictment.

In his motion for mandamus relief, Anderson further states that the Federal Bureau of Prisons inmate locator lists his release date as January 15, 2015, but that "the record shows that [he] is serving a 190 month sentence and was sentenced as a 'career offender' based on the same pending charges that the State of Kentucky has. [He] has been in Federal prison since October 25, 2001 and is still serving time." He continues:

---

[1] Anderson lists the year as 2001, in the motion for mandamus relief. A state-court order attached to his motion, however, reveals that he actually filed his motion for a short and speedy trial in 2011.

>The record shows that [he] has made many attempts to resolve this matter through the Courts, but only to continually be denied justice under the law, when the United States Code 18 U.S.C. §3161 states, "If the person having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the change and the prisoner's right to demand trial, and if at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the Government who caused the detainer to be filed. . . . With that being said, Mr. Anderson has requested such action but only to be denied.

As relief, Anderson "prays that the Honorable Court intervene and order a Writ of Mandamus to prohibit any period of delay resulting from other proceedings concerning charges against the Defendant."

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).

Anderson cites to "Rule 21" as authority for bringing his mandamus action in federal court. Rule 21 of the Federal Rules of Civil Procedure pertains to the misjoinder and nonjoinder of parties in a civil action, and Rule 21 of the Federal Rules of Criminal Procedure provides two reasons a defendant may seek transfer of the criminal proceedings against him. Neither of these rules mentions mandamus relief nor provides a jurisdictional basis for Anderson's motion. Although Rule 21 of the Federal Rules of Appellate Procedure is titled "Writs of Mandamus and Prohibition, and Other Extraordinary Writs," it also offers no jurisdictional basis for Anderson to bring his case in this district trial court.

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

2

agency thereof to perform a duty owed to the plaintiff." Anderson, however, does not ask this Court to compel any officer, employee, or agency of the *United States* to perform any duty owed him. Rather, although somewhat confusing, he appears to be asking this federal Court to compel the Commonwealth of Kentucky to try him on outstanding charges. Federal mandamus relief is not proper in this circumstance. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). The Court therefore lacks subject-matter jurisdiction over the Petitioner's request for mandamus relief.

Alternatively, even if jurisdiction were proper, "the writ will issue only in extraordinary circumstances," *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976), and "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires." *Id.*; *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."). Here, Anderson has failed to demonstrate extraordinary circumstances or that there is no other adequate means to attain the relief he desires. He does not indicate that he appealed the trial court's denial of his motion for a short and speedy trial, that a writ of mandamus filed in state court is not an available avenue of relief, or that he sought any other relief, such as a federal petition for writ of habeas corpus.

For the foregoing reasons, the instant action will be dismissed for lack of subject-matter jurisdiction and, alternatively, for failure to demonstrate extraordinary circumstances warranting mandamus relief.

The Court will enter a separate order of dismissal.

Date: October 23, 2012

                                              **Charles R. Simpson III, Judge**
                                              **United States District Court**

cc:     Petitioner, *pro se*
        United States Attorney
4411.005